# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| LISA STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00190-DGK |
| | ) | |
| KEAONNA HARRIS and | ) | |
| ROYAL CITY BELL d/b/a Taco Bell, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case involves allegations disability discrimination. Pro se Plaintiff Lisa Strickland ("Plaintiff") alleges her manger, Keaonna Harris ("Harris"), failed to accommodate her disability during her employment with Defendant Royal City Bell ("RCB"). Plaintiff filed this one-count lawsuit alleging Harris and RCB violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.*, when they denied her certain work breaks on two occasions.

Now before the Court is Defendants' motion to dismiss Plaintiff's complaint for failing to state a claim (Doc. 15). Finding Plaintiff has failed to plead all of the necessary elements of her claim, the Court GRANTS Defendants' motion. Also pending before the Court is Plaintiff's renewed motion for appointed counsel. In light of the Court's ruling on the motion to dismiss, the Court DENIES Plaintiff's motion to appoint counsel.

## Background

On April 24, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis* and her complaint was filed. Her complaint consists of a check-box style form indicating she is seeking a cause of action under the ADA for failing to accommodate her disability. The form provides a line to indicate the nature of the plaintiff's disability, which Plaintiff left blank. Plaintiff also

included in her complaint a narrative statement describing the facts supporting her claim. In that narrative, Plaintiff alleges that she suffers from pain that requires her to take breaks from her work at some set interval.

Plaintiff alleges that on November 28, 2017, while she was working at the drive through cash register, she requested a break. Harris responded that she needed to wait three minutes. Fifteen minutes later, Plaintiff again asked for a break. She states Harris denied her a break because the restaurant was short-staffed. Plaintiff explained that she needed a break because her pain was severe and worsening. Harris replied telling Plaintiff to "clock out" and go home.

On December 26, 2017, Plaintiff provided managers at RCB with a doctor's note describing that due to her pain, her break time should be extended from fifteen minutes to thirty minutes. On that same day, Plaintiff alleges she was called back from break early, was told to leave before the end of her shift, and subsequently had her hours cut from 30 hours per week to 25 hours per week.

On January 2, 2018, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging she suffered disability discrimination at her job. She listed the relevant time period as November 28, 2017 through December 26, 2018, and specifically recounted an incident that occurred on October 4, 2017. On January 31, 2018, The EEOC dismissed the complaint and issued a right to sue notice.

On February 28, 2018, Plaintiff alleges she was asked to start work an hour later than her usual start time. She further alleges she was informally reprimanded by Harris because she did not complete her morning tasks within the shortened timeframe. Plaintiff alleges Harris then said "in a threatening manner to 'come on outside' as if she was going to fight [Plaintiff]." *See* (Doc 6

at 1). That interaction ultimately concluded when another manager sent both Harris and Plaintiff home for the day.

Defendants filed the pending motion to dismiss arguing: (1) Harris is not liable under the ADA; (2) some of Plaintiff's allegations are barred because she has not exhausted her administrative remedies; and (3) Plaintiff fails to plead she suffers from a qualifying disability.

**Standard of Review**

Because Plaintiff is pro se, the Court is bound to liberally construe her filings in order to do substantial justice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes the facts in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than label and conclusions, and formulaic recitations of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2009).

## Discussion

**I.     Harris is not an employer under the ADA.**

First, Defendants move to dismiss Harris because they argue individuals are not subject to liability under the ADA.

The ADA imposes liability on "employers," which "means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111(5). The Eighth Circuit has not expressly held whether individual liability exists under the ADA. However, the definition of employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), and the ADA are analogous. It is well-settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII. *Spencer v. Ripley Cty. State Bank,* 123 F.3d 690, 691 (8th Cir. 1997).

Here, Plaintiff asserts her ADA claim against Harris, an individual, and thus, must be dismissed because ADA liability does not extend to individuals. *Accord Weber v. Ibew Local 124 Apprenticeship Bd. Members*, No. 4:14-CV-1118-W-ODS, 2015 WL 4135672, at *2 (W.D. Mo. July 8, 2015).

**II.    Plaintiff's claims are limited to those in her EEOC complaint.**

Next, Defendants argue that all of Plaintiff's allegations are outside the scope of her EEOC complaint and should be dismissed for failure to exhaust administrative remedies.

In a discrimination action, a plaintiff's claim is limited by the scope of the charge filed at the administrative level. *Simmons v. New Pub. Sch. Dist. No. Eight*, 251 F.3d 1210, 1216 (8th Cir. 2001). To determine whether an allegedly discriminatory action falls within the scope of a claim, "the administrative complaint must be construed liberally." *Stuart v. Gen. Motors Corp.*, 217 F.3d

621, 631 (8th Cir. 2000). A plaintiff may seek relief "for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Id.*

Here, in Plaintiff's EEOC complaint she alleges discriminatory acts took place between November 28, 2017 and December 26, 2017, and then describes a particular incident that occurred on October 4, 2017. Construing Plaintiff's EEOC complaint liberally, the Court finds the incidents in November and December grow out of, and are reasonably related to, the substance of the allegations in the administrative complaint. Further, her administrative complaint lists the dates November 28, 2017 through December 26, 2017, which encompasses the allegations that occurred on those dates.

As to Plaintiff's allegations of the events that occurred on February 28, 2018, the Court finds they are not related to the allegations in the administrative complaint. They focus on an argument between Plaintiff and Harris stemming from whether Plaintiff was able to complete her work tasks within a compressed timeframe. Thus, her allegations of the incident occurring on February 28, 2018, while troubling, are not properly before the Court and must be dismissed because Plaintiff has failed to exhaust her administrative remedies. *See Bommarito v. Vilsack*, No. 4:11CV423 FRB, 2012 WL 786232, *5 (E.D. Mo. Mar. 9, 2012) (determining plaintiff failed to exhaust her administrative remedies and dismissing the complaint because the claims in her federal court complaint were different than those asserted in her EEOC complaint.).

**III.     The complaint fails to state a failure to accommodate claim under the ADA.**

To state a failure to accommodate claim under the ADA, the plaintiff "must establish both a prima facie case of discrimination based on her disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015).

To establish a prima facie case of ADA discrimination based on disability, the plaintiff must show: (1) a qualifying disability; (2) qualifications to perform the essential functions of her position with or without a reasonable accommodation; (3) an adverse employment action due to her disability; and (4) circumstances giving rise to an inference of unlawful discrimination. *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 777 (8th Cir. 2012).

The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1); *see also* 29 C.F.R. § 1630.2(g). Courts must construe disability "in favor of broad coverage of individuals," *id.* § 12102(4)(A), however, "not every impairment will constitute a disability within the meaning of [the ADA]," *id.* § 1630.2(j)(1)(ii).

Defendants complain that Plaintiff only states generally that she is a disabled person and suffers from a disability. While, Plaintiff does not explicitly name her alleged disability, she states she suffers from pain. Construing Plaintiff's allegations liberally, and for purposes of this motion only, the Court finds that Plaintiff alleges the nature of her disability is pain.

However, merely alleging a disability does not entitle a person to coverage under the ADA. The disability must be qualifying. Plaintiff must plead that her pain substantially limits one or more major life activities. "Major life activities" include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Sitting, standing, lifting, and reaching are also considered major life activities. *See Helfter v. United Parcel Serv., Inc.*, 115 F.3d 613, 616 (8th Cir. 1997). "Substantially limited" is defined as:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or

> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform the same major life activity.

29 C.F.R. § 1630.2(j)(1).

Here, drawing all reasonable inferences from the complaint, Plaintiff's allegation is that her pain causes her to be restricted in the duration of her ability to stand and work without some break periods. However, there are no facts that state this restriction is significant as compared to others. While detailed factual allegations are not required, Plaintiff is required to plead more than broad conclusions. *See Benton*, 524 F.3d at 870. Her general and non-specific allegations fall well short of what is required to plead a qualifying disability under the ADA. The Court finds Plaintiff has not pled facts sufficient to state that she has a qualifying disability and her claim for failure to accommodate must be dismissed.

**IV. Plaintiff's motion to appoint counsel is denied.**

Plaintiff renews her motion to appoint counsel. For the reasons in the Court's previous Order (Doc. 8) and because the Court has dismissed Plaintiff's claim, the motion is denied.

**Conclusion**

For the reasons discussed above, Defendants' motion to dismiss (Doc. 14) is granted and Plaintiff's motion to appoint counsel (Doc. 17) is denied. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: August 23, 2018         /s/ Greg Kays
                                                 GREG KAYS, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT